IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUL 26 2018
JAMES W. McCORMACK, CLERK
By: [signature] DEP CLERK

**ALBERT MARTINEZ, Individually and on Behalf of All Others Similarly Situated** **PLAINTIFF**

vs. No. 3:18-cv-136-DPM

**BOB ROBISON COMMERCIAL FLOORING, INC.** **DEFENDANT**

**ORIGINAL COMPLAINT – COLLECTIVE ACTION**

COMES NOW Plaintiff Albert Martinez ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Chris Burks and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint – Collective Action against Defendant Bob Robison Commercial Flooring, Inc. ("Defendant"), does hereby state and allege as follows:

This case assigned to District Judge Marshall
and to Magistrate Judge Kearney

## I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff Albert Martinez, individually and on behalf of all hourly-paid installers, helpers, polishers and similar positions employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of

Defendant's failure to pay Plaintiff, other hourly-paid installers, helpers, polishers and similar positions lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. Defendant conducts business within the State of Arkansas, owning and operating a commercial flooring company in Jonesboro.

7. Plaintiff was employed by Defendant in Jonesboro.

8. The acts alleged in this Complaint had their principal effect within the Jonesboro Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

9. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Plaintiff is a resident and domiciliary of the State of Arkansas.

11. Within the three (3) years preceding the filing of this Complaint, Plaintiff worked for Defendant's commercial flooring company in Jonesboro.

12. Plaintiff was employed by Defendant from approximately February of 2017 until June of 2018.

13. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

14. At all times material herein, Plaintiff was misclassified by Defendant as an "independent contractor."

15. Defendant treated Plaintiff as an independent contractor for purposes of the FLSA and the AMWA.

16. Defendant is domestic, for-profit corporation located in Jonesboro.

17. Defendant has employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

18. At all relevant times, Defendant continuously employed at least four (4) employees.

19. At all relevant times, Defendant's gross volume of sales made or business done has exceeded $500,000.00 per year.

20. Defendant's registered agent for service of process is Bob Robison, 210 Karen Court, Jonesboro, Arkansas 72401.

21. Defendant was Plaintiff's direct supervisor and made decisions regarding Plaintiff's rate of pay and hours of work.

## IV. FACTUAL ALLEGATIONS

22. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

23. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant as a "helper" for Defendant's commercial flooring company.

24. Plaintiff, other installers, helpers, polishers and similar positions were classified by Defendant as independent contractors.

25. Plaintiff, other installers, helpers, polishers and similar positions were paid an hourly rate by Defendant.

26. The basic duties of Plaintiff, other installers, helpers, polishers and similar positions included providing the necessary tools at a job site, laying tile and cleaning up a job site for Defendant's customers.

27. Defendant required Plaintiff, other installers, helpers, polishers and similar positions to satisfy whatever needs and requirements Defendant and Defendant's customers had.

28. Plaintiff, other installers, helpers, polishers and similar positions were hired to work for Defendant for an indefinite period of time.

29. Plaintiff, other installers, helpers, polishers and similar positions did not share in Defendant's profits.

30. Plaintiff, other installers, helpers, polishers and similar positions did not share in Defendant's losses.

31. Defendant made decisions on advertising Defendant's business without the input of Plaintiff, other installers, helpers, polishers and similar positions.

32. Defendant entered into contracts with its customers and Plaintiff, other installers, helpers, polishers and similar positions did not sign contracts with Defendant's customers.

33. Defendant set the prices for its customers for flooring and installation work without input or negotiation from Plaintiff, other installers, helpers, polishers and similar positions.

34. Plaintiff, other installers, helpers, polishers and similar positions did not advertise themselves as independent contractors.

35. Defendant made decisions on what new business to pursue or take without the input of Plaintiffs, other installers, helpers, polishers and similar positions.

36. Plaintiff, other installers, helpers, polishers and similar positions did not negotiate contracts or prices with Defendant's customers.

37. Defendant expected Plaintiff, other installers, helpers, polishers and similar positions to follow Defendant's policies regarding their employment.

38. Defendant recorded the regular working time of Plaintiff, other installers, helpers, polishers and similar positions via text message.

39. Plaintiff, other installers, helpers, polishers and similar positions worked more than forty (40) hours in most workweeks.

40. Defendant routinely scheduled Plaintiff, other installers, helpers, polishers and similar positions to work more than forty (40) hours in a single workweek.

41. Defendant had a practice of not paying Plaintiff, other installers, helpers, polishers and similar positions one and one-half (1.5) times their regular rate for any hours worked in excess of forty (40) hours per workweek.

42. Plaintiff, other installers, helpers, polishers and similar positions worked an average of ten to fifteen hours of overtime in most workweeks for Defendant for which they were not lawfully compensated.

43. At all relevant times herein, Defendant has deprived Plaintiff and all others similarly situated of an overtime premium for all of the hours they worked in excess of forty (40) hours in a week.

44. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and all others similarly situated violated the FLSA and the AMWA.

45. Defendant purposefully and knowingly misclassified Plaintiff and all others similarly situated as independent contractors.

## V. REPRESENTATIVE ACTION ALLEGATIONS

### FLSA § 216(b) Collective

46. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

47. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

48. Plaintiff brings his FLSA claim on behalf of all other installers, helpers, polishers and similar positions employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as independent

contractors and thus exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A. Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek;

B. Liquidated damages; and

C. Attorneys' fees and costs.

49. In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto as Exhibit "A" his written Consent to Join this lawsuit.

50. The relevant time period dates back three (3) years from the date on which Plaintiff's Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

51. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A. They were classified by Defendant as independent contractors and thus exempt from the overtime requirements of the FLSA;

B. They were paid hourly rates;

C. They recorded their time in the same manner; and

D. They were subject to Defendant's common practice not paying a lawful overtime premium for all hours worked over forty (40) hours per work week.

52. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds 10 persons.

53. Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone

numbers of the FLSA collective action members are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action members via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI. FIRST CLAIM FOR RELIEF
## (Individual Claim for Violation of the FLSA)

54. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

55. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA.

56. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

57. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29. U.S.C. § 203.

58. 29 U.S.C. § 207 requires any enterprise engaged in commerce to pay all employees one and one-half (1.5) times their regular wage for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

59. Defendant misclassified Plaintiff as an independent contractor.

60. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half (1.5) times his regular rate of pay for all hours worked over forty (40) in each one-week period.

61. Defendant's failure to pay Plaintiff overtime wages owed was willful.

62. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

63. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
## (Collective Action Claim for Violation of FLSA)

64. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

65. Plaintiff brings this collective action on behalf of all other installers, helpers, polishers and similar positions employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for unpaid overtime compensation for all the hours he and they worked in excess of forty (40) each week.

66. Plaintiff brings this action on behalf of himself and all other installers, helpers, polishers and similar positions, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

67. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

68. Defendant misclassified Plaintiff and other hourly-paid installers, helpers, polishers and similar positions as independent contractors

69. Like Plaintiff, these other installers, helpers, polishers and similar positions regularly worked more than forty (40) hours in a week.

70. Defendant failed to pay these workers at the proper overtime rate for all hours worked in excess of forty (40) hours in a week, despite their entitlement thereto.

71. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in collective may be properly defined as:

**All hourly-paid installers, helpers, polishers and similar positions who worked within the three (3) years preceding the filing of this Complaint.**

72. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

73. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

74. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF
## (Individual Claim for Violation of the AMWA)

75. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

76. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA.

**Page 10 of 13**
**Albert Martinez v. Bob Robison Commercial Flooring, Inc.**
**U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-___**
**Original Complaint – Collective Action**

77. Defendant misclassified Plaintiff as an independent contractor.

78. At all times relevant herein, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

79. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

80. Defendant failed to pay Plaintiff an overtime premium for all hours worked in excess of forty (40) hours in a week as required under the AMWA.

81. Despite the entitlement of Plaintiff to payment of lawful overtime payments under the AMWA, Defendant failed to pay Plaintiff a lawful overtime premium.

82. Defendant's conduct and practices, as described above, was willful, intentional, unreasonable, arbitrary and in bad faith.

83. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the AMWA.

84. Alternatively, should the Court find the Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Albert Martinez, individually and on behalf of all others similarly situated, respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. That Defendant be required to account to Plaintiff, the collective action members and the Court for all of the hours worked by them and all monies paid to them;

C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*;

D. A declaratory judgment that Defendant's practices alleged herein violate the AMWA and the related regulations;

E. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

F. Judgment for damages for all unpaid overtime compensation under the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*;

G. Judgment for damages for all unpaid overtime compensation under the AMWA and the related regulations;

H. Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 et seq., in an amount equal to all unpaid overtime compensation;

I. Judgment for liquidated damages pursuant to the AMWA and the related regulations;

J. For a reasonable attorney's fee, costs and pre-judgment interest; and

K. Such other and further relief as this Court may deem necessary, just and proper.

**Page 12 of 13**
**Albert Martinez v. Bob Robison Commercial Flooring, Inc.**
**U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-___**
**Original Complaint – Collective Action**

Respectfully submitted,

**ALBERT MARTINEZ, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Christopher Burks
Ark. Bar No. 2010207
chris@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
JONESBORO DIVISION

**ALBERT MARTINEZ, Individually and on Behalf of All Others Similarly Situated** **PLAINTIFF**

vs. No. 3:18-cv-______

**BOB ROBISON COMMERCIAL FLOORING, INC.** **DEFENDANT**

**CONSENT TO JOIN COLLECTIVE ACTION**

I am/was employed as an hourly paid installer, helper, polisher, or similar position for Defendant Bob Robison Commercial Flooring, Inc., during some of the three years prior to the signing of this document. I understand this lawsuit is being brought under the Fair Labor Standards Act for overtime compensation and other relief. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: **ALBERT MARTINEZ**

Date: July 25, 2018