## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

The parties to this Master Settlement Agreement and Release of Claims ("Agreement") are Bob Robison Commercial Flooring, Inc. ("Bob Robison Flooring" or "Defendant") and Albert Martinez ("Martinez", the "Named Plaintiff", or the "Collective Representative"). This Agreement is entered into for the purpose of disposing of all claims now pending in the case of _Albert Martinez, Individually and on Behalf of All Others Similarly Situated v. Bob Robison Commercial Flooring, Inc._, Case No. 3:18-cv-136-DPM, United States District Court, Eastern District of Arkansas, Jonesboro Division (the "Lawsuit").

### RECITALS

WHEREAS, Defendant denies all of the allegations in the Lawsuit and any and all liability and damages of any kind to anyone with respect to the alleged facts or causes of action asserted in the Lawsuit, but nonetheless, without admitting or conceding any liability or damages whatsoever, has agreed to settle the Lawsuit on the terms and conditions set forth in this Agreement to avoid the burden, expense and uncertainty of continuing the Lawsuit.

WHEREAS, the Parties have engaged in informal discovery.

WHEREAS, the Parties recognize that the outcome in the Lawsuit is uncertain and that achieving a final result through the litigation process would require substantial additional risk, discovery, time, and expense.

1

WHEREAS, the Parties have engaged in the negotiation process involving the free-flow exchange of information regarding the pay of plaintiff employees, and following said negotiations, the Parties arrived at an agreement to settle the Lawsuit on the basis described herein.

WHEREAS, the Named Plaintiff and his counsel have conducted an investigation and evaluation of the facts and law relating to the claims asserted in the Lawsuit and believe, in view of the costs, risks, and delay of continued litigation balanced against the benefits of settlement, that the settlement as provided in this Settlement Agreement is in the best interests of all and that the settlement provided in this Settlement Agreement represents a fair, reasonable, and adequate resolution of the Lawsuit.

NOW THEREFORE, the Parties, intending to be legally bound and in consideration of the mutual covenants and other good and valuable consideration set forth below, do hereby agree as follows:

## DEFINITIONS

A. **"Plaintiff's Counsel"** means the SANFORD LAW FIRM, PLLC.

B. **"Named Plaintiff and Class Members"** means Albert Martinez, individually, and as collective representative for those similarly situated, including:

    (i) Chad Mann;

    (ii) Wes Phenis;

    (iii) Seth Folay;

  (iv) Chris Cooper;

  (v) Crystal Auraigo; and

  (vi) DeWayne Reese.

 C. **"Released Persons"** means Bob Robison Commercial, Inc., all their current and former parents, subsidiaries, successors, siblings, partners, limited partners, shareholders, members, affiliates and, with respect to each of them, their predecessors and successors, and, with respect to each such entity, all of its past, present and future employees, officers, directors, shareholders, members, owners, representatives, assigns, attorneys, agents, insurers, and any other person acting by, through, under or in concert with any of these persons, entities, and/or their successors.

## AGREEMENT

 A. **Payments**.

  1. Defendant agrees to pay the total gross amount of Fifteen Thousand Five Hundred and Sixty-Eight Dollars and Thirty-One Cents ($15,568.31) in full and final settlement of this matter to be paid within fifteen (15) days after this Settlement Agreement is signed by Named Plaintiff.

  2. Of the total gross amount listed above, the specific settlement amounts for Named Plaintiff and Class Members are as follows:

| Name | Damages | Liquidated Damages | Total Damages |
|---|---|---|---|
| Chad Mann | $1,490.00 | $1,490.00 | $2,980.00 |
| Wes Phenis | $91.50 | $91.50 | $183.00 |
| Seth Folay | $310.00 | $310.00 | $620.00 |

3

| | | | |
|---|---|---|---|
| Chris Cooper | $280.00 | $280.00 | $560.00 |
| Crystal Auraigo | $1,577.42 | $1,577.42 | $3,154.84 |
| DeWayne Reese | $213.00 | $213.00 | $426.00 |
| Albert Martinez | $927.50 | $927.50 | $1,855.00 |

3. Said payments to Named Plaintiff and Class Members includes all claimed damages for past wages and taxes (including payroll taxes and required withholdings) associated with all claims alleged by Named Plaintiff and Class Members and will be paid to the Named Plaintiff and Class Members as a regular payroll payment.

4. Of the total gross amount listed above, Defendant will pay the sum of Six Thousand Dollars and Zero Cents ($6,000.00) to the SANFORD LAW FIRM, PLLC, for attorney's fees and costs associated with this lawsuit brought on behalf of the Named Plaintiff and Class Members. Said proceeds shall be made payable to the trust account of the SANFORD LAW FIRM, PLLC.

B. **Payments to and Allocation of Taxes for Plaintiffs**

1. The Named Plaintiff and Class Members and Plaintiffs' Counsel understand that the settlement proceeds will be designated as wages.

2. The settlement amounts designated as wage loss claims to each Named Plaintiff and Class Members as described in Paragraph A.2. above will be subject to standard taxes, withholdings, and deductions and reported by the Defendant as such. Named Plaintiff and Class Members will receive a W-2 or an amended W-2 reflecting said payments. Named Plaintiff and Class

Members whose non-wage losses exceed $600.00 will receive a 1099 for non-wage losses described in Paragraph A.2.

    3. Each Named Plaintiff and Class Members will receive a settlement payment which includes that portion of the total sum due as wage damages, less all appropriate deductions, and a payment for liquidated damages, as evidenced by the amounts described in Paragraph A.2. above.

    C. **Dismissal of All Claims with Prejudice.** The claims of all Named Named Plaintiff and Class Members will be dismissed by the Court with prejudice. The Named Plaintiff represents and warrants that, other than this lawsuit, Named Plaintiff and Class Members have no other lawsuits, charges, administrative proceedings, or other claims of any nature pending against the Defendant in any state or federal court or before any agency or other administrative body. The Named Plaintiff represents and warrants that he has not assigned to a third party any of Named Plaintiff and Class Members current or potential claims against the Defendant.

    D. **Release of Claims.** Named Plaintiff, on behalf of himself, individually, and as collective representative representing each Class Member, and each of their heirs, estates, executors, administrators, assigns, transferees and representatives, hereby releases and forever discharges the Released Persons from any and all claims, rights, demands, liabilities and causes of action of every nature and description relating to unpaid wages, for monetary damages, liquidated damages, interest, attorneys' fees, costs, and punitive damages, and

5

all claims or demands related to the employment with Defendant <u>regarding wages and/or failure to pay overtime wages</u> that they have or may have had against the Defendant as of the date of the Named Plaintiff's execution of this Agreement under:

(1)   the Fair Labor Standards Act (29 U.S.C. § 201, <u>et</u> <u>seq</u>.);

(2)   the Arkansas Minimum Wage Law;

(3)   any and all claims under the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the State of Arkansas regarding failure to pay wages or overtime wages; and

(4)   any and all other relevant Federal and/or State statutory and/or common laws including, but not limited to, intentional infliction of emotional distress for failure to pay wages or overtime wages.

E.   **No Admission of Liability; Inadmissibility of Agreement.**  Neither the making of this Agreement nor the tender of consideration described in this Agreement will be construed as an admission of liability or wrongdoing on behalf of the Bob Robison Commercial Flooring, Inc., and the Bob Robison Commercial Flooring, Inc., denies any such liability or wrongdoing.  Accordingly, the parties agree that none of them has prevailed, nor shall this Agreement be construed as evidence that any party has prevailed in this matter.  Further, in the event any Court does not approve this Agreement, Bob Robison Commercial Flooring, Inc.,

reserves the right to deny that it engaged in activity that would warrant any damages.

Neither this Agreement, nor any document, statement, or proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall in any event be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to Bob Robison Commercial Flooring, Inc., including any evidence of a presumption, concession, indication, or admission by the Bob Robison Commercial Flooring, Inc., of any liability, fault, wrongdoing, omission, concession, or damage. Nor shall this Agreement be disclosed, referred to, offered or received in evidence against the Bob Robison Commercial Flooring, Inc., in any further proceeding in this Lawsuit, or in any other civil, criminal, or administrative action or proceeding except for the purposes of settling this Lawsuit or enforcing the settlement of this Lawsuit.

G. **Approval Process:** Promptly after execution of this Agreement, the parties shall file a joint motion for approval of this Agreement. If the Court does not approve this Agreement or approves it subject to conditions or modifications which are not acceptable to both parties (other than the amount of attorney's fees to be paid to Plaintiffs' Counsel, which shall no effect on validity or enforceability of this Agreement), the parties shall attempt to negotiate in good faith in order to modify the Agreement in a form acceptable to both the parties and the Court.

H. **Knowing and Voluntarily Waiver:** The Named Plaintiff acknowledges and agrees that he has had sufficient time to consider this Agreement and to consult with legal counsel of her choosing considering its meaning and significance. When entering into this Agreement, the Named Plaintiff has not relied on any representations or warranties made by the parties, other than representations and warranties expressly set forth in this Agreement.

I. **Communications with Plaintiffs:** Defendant has no responsibility with respect to any inquiries from Plaintiffs about this Agreement and the settlement described herein, except that if any Plaintiff approaches the Defendant, Defendant agrees to refer such Plaintiff to Plaintiffs' Counsel.

J. **Choice of Law:** The enforcement of this Agreement shall be governed and interpreted by and under the laws of the State of Arkansas whether or not any party is or may hereafter be a resident of another state.

K. **Amendments/Modifications:** No waiver, modification or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

L.  **Binding Agreement:** This Agreement shall be binding upon, and inure to the benefit of, the parties and their affiliates, agents, employees, beneficiaries, heirs, executors, administrators, successors, and assigns.

M.  **Cooperation Clause:** The parties acknowledge that it is their intent to consummate the settlement described herein, and they agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Agreement.

N.  **Entire Agreement:** This Agreement constitutes the entire agreement of the parties concerning the subjects contained herein.

O.  **Captions:** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

P.  **Signature:** The Named Plaintiff may execute this Agreement by signing on the designated signature block on behalf of himself and those similarly situated employees. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile.

Q.  **Construction:** The Parties agree that the terms and conditions of this Agreement are the result of lengthy, arms-length negotiations between the

Parties and that this Agreement will not be construed in favor of or against any party by reason of the extent to which any Party, or the Party's counsel, participated in the drafting of this Agreement. Paragraph titles or captions in this Agreement are inserted as a matter of convenience and for reference and in no way define, limit, extend, or describe the scope of this Agreement or any provision in it.

R. **Counterparts**: This Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Agreement will be binding upon and effective as to all Parties.

_____         _____
Albert Martinez                                    Bob Robison Commercial Flooring, Inc.
Date: 2/15/2019                                   Date 2-12-19

APPROVED AS TO FORM:

_____
Josh Sanford
Attorney for Albert Martinez

_____
J.B. Cross
Attorney for Bob Robison Commercial Flooring, Inc.

10